**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ALEXIS BIANCA ADAMS, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 2:26-cv-50-CWB** |
| **AGRI STATS, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

This action is pending in federal court after having been removed from the Circuit Court of Barbour County, Alabama. (*See* Doc. 1). At issue are various state law claims brought by a group of individual plaintiffs against a group of corporate defendants who—though largely competitors—are alleged to have "colluded to systematically fix, depress, and stabilize the compensation paid to … employees." (*See* Doc. 1-1 at p. 6). The named plaintiffs are former poultry processing workers who allegedly were affected by such conduct. (*Id.* at pp. 7–21). Notwithstanding that relief is sought exclusively under state common law theories (*see id.* at pp. 41–46), removal was premised upon the assertion that "this is, necessarily and practically, a federal antitrust action dressed-up as an Alabama tort suit." (*See* Doc. 1 at pp. 1–2).

Two other state court actions were removed contemporaneously that raised the same core claims against the same core defendants on the same core allegations. *See Anglin, et al. v. Agri Stats, et al.*, 2:26-cv-54-BL-JTA & *Ayers, et al. v. Agri Stats, et al.*, 2:26-cv-92-RAH-SMD. And those actions gave rise to the same jurisdictional briefing. Although not as promptly here, the court now will reach the same conclusion—that proceedings must be remanded to state court.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute … ." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a federal court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With specific respect to actions filed in state court, removal to federal court is authorized in circumstances where a district court would have had "original jurisdiction" over the action. *See* 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). And it falls upon the removing party to establish that such jurisdiction exists. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *see also City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any jurisdictional doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Put more simply, a plaintiff's right to choose the forum and a defendant's right to remove "are not on equal footing." *Id.*

**III. Discussion**

**A. Removal Jurisdiction**

The Notice of Removal (Doc. 1) grounded removal entirely upon original jurisdiction under 28 U.S.C. § 1331:

> 3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because the action "arises under" the laws of the United States. While Plaintiffs have attempted to plead their claims under Alabama law, recovery depends on proof of federal antitrust law violation – a substantial and disputed issue. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311 (2005).
>
> 4. Plaintiffs' claims are predicated entirely on the allegation that Defendants engaged in conduct that "unlawfully restrained trade" and "artificially suppressed wages." Compl. at 3. Bolstering their allegations, Plaintiffs characterize Defendants' conduct as an orchestrated effort to "eliminate competition for labor by artificially suppressing the compensation" of various poultry workers. *Id.* at 21. Because Plaintiffs' Alabama tort claims "implicate significant federal issues" and cannot be resolved apart from federal antitrust law, this matter is removable based on federal question jurisdiction. *Grable*, 545 U.S. at 312.

(Doc. 1 at p. 2). No assertion has been made that removal is supported by diversity jurisdiction, nor has the court's independent review of the record uncovered a sufficient basis for deeming 28 U.S.C. § 1332(a) satisfied. Removal jurisdiction thus rises or falls upon application of § 1331.

Generally speaking, "a case arises under federal law [because] federal law creates the cause of action asserted." *Mignott v. State Bar of Georgia Found., Inc.*, 146 F.4th 1095, 1097 (11th Cir. 2025) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). Here, however, it was expressly acknowledged in the Notice of Removal that all of the claims are pleaded as arising

under Alabama state law. (*See* Doc. 1 at pp. 1–2, ¶¶ 2–4). A review of the Complaint yields the same definitive conclusion. (*See* Doc. 1-1 at pp. 41–46). Nonetheless, the defendants contend that original jurisdiction exists under § 1331 because "the myriad claims asserted by [the plaintiffs] will require the resolution of substantial questions of federal law." (*See* Doc. 1 at p. 3, ¶ 5).

### B. Application of the *Grable-Gunn* factors

"Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citations omitted); *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). The United States Supreme Court has set out the following test in that regard: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 315). In the absence of those factors, a plaintiff remains "master of the complaint" and therefore is "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted); *see also Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 166 (11th Cir. 2024) ("[T]he *Grable* doctrine is still governed by the 'well-pleaded complaint rule.' … 'Th[is] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 293 (1987)); *Caterpillar*, 482 U.S. at 389–99 ("[T]he plaintiff is the master of the complaint" and "may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

The defendants contend that the plaintiffs' state law claims present the same federal law issues—namely alleged violations of the Sherman Act, 15 U.S.C. § 1 *et seq*.—as litigated in a federal antitrust class action in the District of Maryland. (*See* Doc. 1 at pp. 1–2, ¶ 2) (citing *Jien, et al. v. Perdue Farms, Inc.*, No. 1:19-cv-2521-SAG (D. Md.)). According to the defendants, this action thus presents a "substantial and disputed issue [of federal law]." (*Id.* at p. 2, ¶ 3). In support of that argument, the defendants assert that the various definitions and duties necessary for the state law claims can be derived only by looking to the Sherman Act. (*Id.* at pp. 3–4, ¶¶ 6–9). Nonetheless, "it takes more than a federal element to open the 'arising under' door." *Empire*, 547 U.S. at 701 (citation modified).

It is settled that <u>all four</u> of the *Grable-Gunn* factors must be met in order for a removing defendant to invoke federal-question jurisdiction when none otherwise is facially apparent from the Complaint. *See AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1253 (11th Cir. 2025) (citing *Gunn*, 568 U.S. 258). As was done in the two companion cases, focus here will be placed on the "substantiality" factor. Evaluating the "substantiality" factor under *Grable-Gunn* involves three considerations:

> First, a pure question of law is more likely to be a substantial federal question. Second, a question that will control many other cases is more likely to be a substantial federal question. Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question.

*Id.* (quoting *MDS (Can.) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013) (per curiam)). Judge Huffaker and Judge Lewis already have applied those considerations and concluded that the "substantiality" factor is not met by the types of allegations and claims at issue. (*See* Doc. 79 in *Anglin*, 2:26-cv-54-BL-JTA; *see also* Doc. 76 in *Ayers*, 2:26-cv-92-RAH-SMD ). The undersigned agrees with the well-reasoned analysis in each of those decisions and concludes

likewise, *i.e.*, that the claims involve a fact-bound inquiry rather than a pure question of law, that no potential decision of federal law will control in a broader context, and that this litigation does not involve a strong government interest.

The plaintiffs are not attempting to pursue a Sherman Act claim. They instead have walked away from such a claim by excluding themselves from the federal class action and have elected to place their eggs into the basket of Alabama common law—accepting the risk that the involved conduct might be insufficient to state or establish a cognizable state law claim. The defendants essentially are challenging that Alabama indeed does not render the alleged conduct actionable outside of federal law. But that falls well beyond what is appropriate for the court to address in the current posture, and the court will not presume that the state court will get it wrong. *See Gunn*, 568 U.S. at 263 ("[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law."); *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1301 (11th Cir. 2008) ("We are mindful that state courts are generally presumed competent to interpret and apply federal law.") (citation modified).

In short, how an Alabama state court might elect to apply Alabama common law principles to conduct that separately might give rise to federal antitrust liability cannot be said in any way to "turn on substantial questions of federal law." *Schleider*, 121 F.4th at 166 (quoting *Grable*, 545 U.S. 312). Nor would the enforcement of federal antitrust law be hampered given that no federal antitrust claim actually is being presented for resolution. *See Adventure Outdoors*, 552 F.3d at 1301 ("The federal government has a limited interest in this private tort action over private duties tangentially related to the federal gun laws, and the federal government may continue to enforce federal gun laws and regulations without concern for the outcome of this lawsuit.").

And there simply is nothing in the Complaint to suggest that the outcome of this action would resolve a federal question such that the answer to that question would become binding in any cases other than perhaps those involving Alabama common law claims and substantially identical facts. Accordingly, "the federal interest in this case is not 'substantial' as that term has been defined under the prevailing Supreme Court precedent." *Adventure Outdoors*, 552 F.3d at 1301–02 (citation modified); *see also Gunn*, 568 U.S. at 260 ("The substantiality inquiry under *Grable* looks … to the importance of the issue to the federal system as a whole.").[1]

Traveling to federal court under *Grable-Gunn* is limited to a "special and small category" of cases that should remain "slim." *See Gunn*, 568 U.S. at 258; *see also Empire*, 547 U.S. at 699–701. Stated differently, "[t]he path described in *Grable* is successfully trod very rarely." *AST*, 143 F.4th at 1252–53. The two companion actions to this action were not permitted to pass through the narrow gate into federal court. Nor will this one.

---

[1] The fact that discovery might reach some or all of the conduct supporting the original federal antitrust class action does not change the analysis. (*See* Doc. 76). Again, no Sherman Act violation is being asserted in this action, and there is no argument that the Sherman Act completely preempted all state law claims. The court similarly is not persuaded that a substantial federal issue is presented by virtue of the possibility that a particular plaintiff in this action failed to opt out of the settlement class in the federal antitrust litigation. (*See* Doc. 77). Not only can the opt out issue be litigated in the federal antitrust litigation with the decision implemented in either this court or state court, the issue now has been rendered moot via a voluntary dismissal by the subject plaintiff. (*See* Doc. 80; *see also* Doc. 81). Moreover, consideration of any such extraneous matters, which also would include the May 2025 letter from plaintiffs' counsel (*see* Doc. 67 at pp. 26–27), invites the court to violate the "well-pleaded complaint rule." *See Langford v. Richardson*, No. 19-cv-953, 2020 WL 1235529, at *4 (N.D. Ala. Mar. 13, 2020) ("Because the court only considers the face of the complaint to determine if a claim arises under federal law, Northpointe and Sharp's argument premised on Langford's discovery requests is misplaced.") (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing in turn *Caterpillar*, 482 U.S. at 392)).

## IV. Conclusion

For the reasons stated above, the court concludes that the defendants have not met their burden of establishing removal jurisdiction and that this case must be remanded. It therefore is **ORDERED** that the request for remand (*see* Doc. 61) is **GRANTED**. The clerk of court is hereby **DIRECTED** to take the necessary steps to effectuate a remand to the Circuit Court of Barbour County, Alabama.[2]

**DONE** this the 23rd day of September 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

[2] The court notes that a request for attorney's fees and costs under 28 U.S.C. § 1447(c) was initially made (*see* Doc. 62 at pp. 22–24) but later withdrawn (*see* Doc. 75 at p. 4). In any event, given the competing arguments presented for removal and remand, the court would find no basis for such an award in this particular instance. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Bauknight v. Monroe Cnty.*, 446 F.3d 1327, 1332 (11th Cir. 2006) (denying request for attorney's fees and costs where "the removal was objectively reasonable and there are no unusual circumstances that require a different result … .").